SUSAN PARKMAN *vs.* WILLIAM BREWSTER.

In an action by the holder, who was also holder at the time of guaranty, against the guarantor of an existing promissory note, no notice to the guarantor of demand on the maker, and of his inability to pay, need be proved.

The mere statement in a written guaranty of a promissory note that the guarantor has purchased the land mortgaged to secure the note, is not sufficient evidence of consideration.

ACTION OF CONTRACT on a guaranty of two promissory notes of Abel B. Crosby, dated April 11th 1853, and payable to the plaintiff or order in four years. The guaranty was on the margin of each note, signed by the defendant, and in these words: "January 8th 1856. Having purchased the land mortgaged to secure this note, I hereby guaranty the true and punctual payment of the same."

At the trial in the superior court of Suffolk at November term 1858, the plaintiff proved the signatures of the note and guaranty, and rested his case.

The defendant contended that the plaintiff must allege and prove notice to the defendant, before the commencement of the action, of nonpayment of the notes, and also some consideration for the guaranty.

But *Allen,* C. J. instructed the jury, that if they were satisfied from the written guaranty that the defendant had purchased the land mortgaged to secure the payment of the notes, and that the payment of the notes was part of the consideration of the purchase, then there was evidence of sufficient consideration to support the action; and also that, if such were the facts, no notice whatever was necessary to have been given by the plaintiff to the defendant before commencing the action; but if there was no such consideration for the defendant's promise, the verdict

should be for the defendant. The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*S. B. Hahn,* for the defendant.

The plaintiff submitted the case without argument.

MERRICK, J. The contract, by force of which the defendant assumed to guaranty the true and punctual payment of the notes of Crosby to the plaintiff, was entered into several years after the date of the notes, and after she held and was entitled to hold them as her own. He contends that no action can be maintained against him upon the contract, except upon proof that he was notified before the commencement of the action of an actual demand of payment upon the maker and of his failure to pay them at maturity, and he requested that instructions to this effect might be given to the jury. This was not acceded to.

The obligation of a guarantor of a promissory note is limited and peculiar. It differs from that of the maker, and also from that of an indorser. It is not unconditional, like the liability of the former, nor does it depend upon the same contingencies as those upon the occurrence of which the latter becomes absolutely bound. But he undertakes to pay the note if he is called upon to do so within a reasonable time after its maturity and dishonor. If the holder suffers an unreasonable time to elapse before any such call is made, the guarantor will by such delay be exonerated and released from his liability, especially if in the interval the maker has become insolvent, or his pecuniary ability has been materially diminished. But if there has been no such delay or negligence on the part of the holder, it does not appear to be an essential prerequisite to the maintenance of an action against the guarantor, that a demand when the note became due should have been made upon, or that he should have then been notified of the default of, the maker. *Oxford Bank* v. *Haynes,* 8 Pick. 429. *Atkinson* v. *Carter,* 2 Chit. R. 403. *Goring* v. *Edmonds,* 6 Bing. 94. 2 Saund. Pl. & Ev. (2d ed.) 128. The rule is somewhat different when the guaranty is of a debt which is subsequently to be created. When the party cannot know beforehand whether he is ultimately to be liable or not, nor to what extent, it is necessary, in

order to charge him, that he should have reasonable notice oi
the amount of indebtedness incurred by the principal debtor
and of his failure to pay it. *Babcock* v. *Bryant*, 12 Pick. 133.
*Norton* v. *Eastman*, 4 Greenl. 521. *Whiting* v. *Stacy*, *ante*, 270.

The defendant further objected that this action could not be
maintained, because the plaintiff had not alleged in his declara-
tion, nor proved upon the trial, that the promise to guaranty
the payment of the notes of Crosby was made upon any valid
or legal consideration; and he requested the court to instruct
the jury to that effect. Undoubtedly a distinct and sufficient
consideration is essential to the validity of a promise to pay an
existing debt of another person. This principle has very often
been recognized and affirmed. *Bickford* v. *Gibbs*, 8 Cush. 156,
1 Parsons on Con. 496, and cases cited in note. It is evident
that the law was thus understood by the presiding judge, who
instructed the jury that if they were satisfied from the writing
signed by the defendant on the notes of Crosby that he had
purchased the land which was mortgaged to secure their pay-
ment, and that payment of the notes was part of the consid-
eration of the purchase, this was evidence of a sufficient con-
sideration to enable the plaintiff to maintain her action. In this
instruction we think the court erred, not in any omission to affirm
that an adequate consideration was essential to support the
promise declared on, but in advising the jury that they might
find a statement and expression of the consideration upon which
it was made in the terms of the written contract. But the lan-
guage therein used, being merely a statement that he had pur-
chased the land mortgaged, does not warrant the conclusion that
the payment of the notes guarantied was any part of his bargain
and contract with the mortgagor, and so constituted the consider-
ation of the promise of guaranty. It indicates the occasion, and
perhaps the motive, which induced him to assume the obligation
expressed in the written instrument, but has no tendency to
show that the promise was made upon any consideration of a
benefit received by himself, or of damage to, or forbearance to
enforce any right by, the plaintiff. It is the statement of a simple
fact, which seems equally consistent with either alternative, that

there was, or was not, a legal consideration for it; and a majority of the court are therefore of opinion that the jury could not justly and legally be authorized to affirm, as a conclusion from such indefinite language, the truth of the former proposition. But having been allowed to do so under the instructions given them, their verdict for the plaintiff cannot be supported, and a new trial must accordingly be ordered.

*Exceptions sustained.*